# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:18-CV-00166-MR-DSC

| | |
|---|---|
| DEBBIE O. ROUNDTREE, | ) |
| Plaintiff, | ) ) ) |
| | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| v. | ) ) |
| GIVENS HIGHLAND FARMS, LLC, | ) ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Pursuant to 12(b)(1)," Doc. 7, Defendant's "Motion to Dismiss Pursuant to 12(b)(6)," Doc. 15, and the parties' associated briefs and exhibits, Docs. 16, 17, 18 and 20.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) on December 3, 2018, and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's "Motion to Dismiss Pursuant to 12(b)(1)" be <u>granted</u> and Defendant's "Motion to Dismiss Pursuant to 12(b)(6)" be <u>denied</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the Complaint, Doc. 1, Ex. 2, as true, Plaintiff Debbie Rountree is a woman of African-American heritage with a light complexion. Defendant Givens Highland Farms, LLC operates an assisted living facility. Plaintiff was hired as an Environmental Services Supervisor by Defendant in May 2017. Plaintiff was a good employee

who performed all the essential functions of her job. She was highly motivated, worked well with co-workers and performed her duties skillfully and professionally. Plaintiff was subjected to multiple incidents of discrimination and harassment due to her race. In August 2017, she complained about these incidents to Defendant's Administrator but no action was taken. Plaintiff was also treated differently than similarly situated white supervisors. On October 2, 2017, Defendant's Human Resources Director fired Plaintiff stating "Culturally, you bring nothing to the table and nothing to this company. We're going to terminate your employment…" Id. at ¶ 245.

Plaintiff filed a Charge of Discrimination, No. 430-2018-00773, with the Equal Employment Opportunity Commission alleging race discrimination. She signed the Charge on January 12, 2018 and it is file stamped January 19, 2018. Her January EEOC charge states in its entirety:

> I.   In May 2017, I was hired by the above-mentioned employer to do cleaning. From time to time, I overheard other cleaning staff members talking to each other about me and asking if I was a black or a white person. In October 2017, I was discharged.
> II.  No reason was given to me for the discharge.
> III. I believe I have been discriminated against due to my race (Black/African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 8, Ex. 1. Plaintiff checked the box for "Race" as the basis of discrimination. Id. She alleged that the discrimination occurred on October 2, 2017. On January 19, 2018, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter.

Plaintiff filed her Complaint in Buncombe County Superior Court on May 10, 2018 together a with Civil Summons to be Served with Order Extending Time to File Complaint. She alleged five causes of action: (1) violation of Title VII Racial Discrimination, 42 U.S.C. § 2000e

et seq.; (2) violation of Title VII Retaliation, 42 U.S.C. § 2000e et seq., as amended by 42 U.SC. § 1981A (a)(1); (3) Wrongful Discharge in violation of N.C.Gen. Stat. § 143-422.1, et seq.; (4) Violation of Reconstruction Era Statutes, 42 U.S.C. § 1981; and (5) Civil Conspiracy.

On June 13, 2018, Defendant filed a Notice of Removal to this Court based upon federal question jurisdiction. On July 13, 2018, Defendant filed its "Motion to Dismiss Pursuant to 12(b)(1)," Doc. 7, arguing that Plaintiff's retaliation claim should be dismissed because she failed to exhaust her administrative remedies.[1] On August 24, 2018, Defendant filed its "Motion to Dismiss Pursuant to 12(b)(6)," Doc. 15, arguing that Plaintiff's racial discrimination and retaliation claims should be dismissed because she failed to assert them within ninety days following receipt of her right to sue letter dated October 26, 2017.

## II. DISCUSSION

### A. Defendant's 12(b)(1) Motion

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., requires a plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1). Failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013); Jones v. Calvert Grp., Ltd., 551 F. 3d 297, 300-01 (4th Cir. 2009). Accordingly, the issue is

---

[1] Defendant also filed a Motion to Dismiss Plaintiff's Fifth Cause of Action for Civil Conspiracy, Doc. 5. The Court mooted this Motion after the Plaintiff filed a Stipulation of Dismissal, Doc. 11, as to this claim.

properly analyzed under Rule 12(b)(1). Agolli v. Office Depot, Inc., 548 F. App'x 871, 875 (4th Cir. 2013).

The exhaustion requirement serves two purposes: 1) it notifies the charged party of the asserted violation and 2) it brings the charged party before the EEOC to secure voluntary compliance with the law. Balas, 711 F.3d at 406-07. Both of these purposes promote quicker and less expensive resolution of disputes. Id.

"In any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge." Balas., 711 F.3d 401, 407 (4th Cir. 2013) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996)). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 551 F.3d at 300 (quoting Evans, 80 F.3d at 963).

When a plaintiff files an EEOC charge and alleges discrimination based upon one protected category, but neither checks the box to allege discrimination based upon another protected category nor includes any discussion of that other category in the charge narrative, she has failed to bring the second claim before the EEOC. Evans, 80 F.3d at 963. A plaintiff has not exhausted administrative remedies as to claims not brought before the EEOC and the court is deprived of subject-matter jurisdiction over them. Balas, 711 F.3d at 409.

Plaintiff's Complaint alleges retaliation discrimination under Title VII. But she did not raise the issue of retaliation anywhere in her January EEOC Charge. Her January EEOC Charge alleges only race discrimination. Doc. 8, Ex. 1. She did not check the box labeled "retaliation," nor did she mention retaliation in the "Particulars" section of the Charge narrative. Id.

Plaintiff states in her Response, Doc. 14, that she filed her first Charge of Discrimination, No. 430-2018-00148, with the EEOC on October 26, 2017. In the October EEOC Charge, she checked the box for discrimination based upon "Color" and stated in the particulars section that "I believe that I have been discriminated against on the basis of my Color (light skin) and subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended." Doc. 14, Ex. 2. Plaintiff argues that the EEOC investigation was an on-going process that began with her first Charge in October 2017 and continued through January 2018 when she filed her second Charge. She argues that because she raised a retaliation claim during the process and Defendant was put on notice of such claim that she has exhausted her administrative remedies and Defendant's Motion to Dismiss the retaliation claim should be denied. The Court disagrees.

The EEOC issued a Dismissal and Notice of Rights letter on October 31, 2017 closing its file on the October Charge. Plaintiff then had ninety days from receipt of that letter to file a lawsuit based upon the October Charge. She did not file suit. Her Complaint is silent with regard to her October Charge but specifically references her January Charge. Because the January Charge does not include any reference to retaliation, Plaintiff has failed to exhaust her administrative remedies as to that claim and it must be dismissed for lack of subject matter jurisdiction. Consequently, the undersigned respectfully recommends that Plaintiff's claim for retaliation be dismissed and Defendant's 12(b)(1) Motion be granted.

### B. Defendant's 12(b)(6) Motion

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550

5

U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

6

'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant argues that the allegations in Plaintiff's Title VII race claim are the same as those in her October Charge. Consequently, it argues that her Title VII race claim must be dismissed because she failed to timely file her Complaint following receipt of the October 26, 2017 right to sue letter. In support of its position, Defendant cites Lo v. Pan American World Airways, Inc., 787 F.2d 827 (2d Cir.1986) (per curiam). In that case, an employee filed a charge of discrimination with the EEOC and received a right to sue notice but did not file suit within ninety days as required by Title VII. Id. at 828. The employee thereafter obtained a second right to sue notice and filed suit in federal court. Id. On those facts, the Second Circuit affirmed summary judgment in favor of the employer because the second right to sue notice was "concededly based upon a charge involving exactly the same facts as the first Notice," and therefore "whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue." Id. Defendant argues that Plaintiff has done the same here by asserting time-barred claims from a previous EEOC charge. The Court disagrees.

As discussed above, Plaintiff's October Charge was based upon color discrimination. Her January Charge was based upon race discrimination. Plaintiff's Complaint does not reference the October Charge or color discrimination. While some of the statements in the October Charge are alleged in her Complaint, she did not claim discrimination based upon race in the October Charge. The grounds for her October Charge was "on the basis of my Color (light skin)." Doc. 14, Ex. 1.

Racial discrimination and color discrimination constitute two distinct claims under Title VII. See Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 n.5 (4th Cir. 2002) ("Color discrimination arises when the particular hue of the plaintiff's skin is the cause of the discrimination, such as in

7
Case 1:18-cv-00166-MR-DSC   Document 21   Filed 02/08/19   Page 7 of 9

the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual."); Daniels v. James Lawrence Kernan Hospital, No. WMN-15-255, 2015 WL 5735397, at *3 (D. Md. September 29, 2015)("Although the categories of race and color discrimination may overlap, they are not synonymous. Color discrimination occurs when pigmentation, coloration, or skin shade or tone is the root of discrimination.").

The October Charge also alleges that the color discrimination occurred from June 5, 2017 until October 2, 2017. The January Charge alleges that the race discrimination occurred on October 2, 2017, the date of her termination.

In Ford v. Advanced Marketing Services, Inc., 203 F.3d 820, at *2 (4th Cir. 2000) (per curiam) (unpublished), the Fourth Circuit held that an earlier, time-barred EEOC charge did not bar a later suit based upon a subsequent EEOC charge where the second charge alleged "different facts and a different theory of liability" than the first charge.

The Court finds that Plaintiff's claim of race discrimination alleged in her January Charge is separate and distinct from her claim of color discrimination alleged in her October Charge. Plaintiff's October Charge does not bar a lawsuit based upon her January Charge. Therefore, the undersigned respectfully recommends that Defendant's 12(b)(6) Motion be denied.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's "Motion to Dismiss Pursuant to 12(b)(1)" be GRANTED and Defendant's "Motion to Dismiss Pursuant to 12(b)(6)" be DENIED.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Martin Reidinger.

**SO RECOMMENDED.**

Signed: February 8, 2019

David S. Cayer
United States Magistrate Judge